Ramírez *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez.

No. 90.—Resuelto en marzo 16, 1911.

Inscripción—Dueño del Inmueble—Cancelación.—A los efectos de la Ley Hipotecaria, se considera dueño del inmueble o derecho real a la persona que lo tenga inscrito a su favor en el registro, y por consiguiente, presentada para su inscripción una escritura de cesión y cancelación de un crédito hipotecario inscrito a favor de persona distinta de las que otorgan dicha cesión o cancelación, procede denegar su inscripción aunque tal transmisión y cancelación sean de fecha anterior a la del documento que motivara la inscripción del crédito a favor de dicha persona.

Los hechos están expresados en la opinión.

La parte apelante compareció en nombre propio.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Por escritura de 5 de noviembre de 1890, Don Teodoro Forestier compró a las hermanas Doña María Antonia y Doña Isabel Cuebas Mangual una finca rústica, cuyo precio de 2,600 pesos había de ser satisfecho en varios plazos y por los cuales constituyó hipoteca a favor de sus vendedoras, siendo este gravamen inscrito con fecha 5 de septiembre de 1896 al folio

224 vuelto, finca número 1225, inscripción 3ª. del tomo 32 de la ciudad, en el Registro de la Propiedad de Mayagüez.

Don Teodoro Forestier vendió esa finca a Don José Macías Irizarry por escritura de 9 de abril de 1895 y en la inscripción cuarta que motivó, se lee en la sección de cargos de dicha inscripción lo siguiente:

"Aparece afecta a las cargas que resultan de las inscripciones anteriores y si bien en el documento de venta que motiva esta inscripción, se consigna que por escritura de seis de abril de mil ochocientos noventa y cinco, ha sido totalmente cancelado el gravamen que, según el título del Señor Forestier, aparece impuesto sobre esta finca para responder del precio en venta de la misma; del registro no aparece que se haya hecho constar la cancelación."

Según la inscripción 5ª., Don José Macías la vendió a Don Guillermo Quiñones por escritura de 26 de octubre de 1896; y por muerte de este señor pasó a ser propiedad de su viuda Doña Josefa Rosado, según la inscripción 6ª., en virtud de adjudicación que se le hizo por escritura de 8 de enero de 1908 y esta señora la dió en arrendamiento a Don Blas Ramírez por término de cinco años, según la inscripción 7ª. motivada por la escritura de 24 de octubre de 1908.

En cuanto al crédito hipotecario, después de la inscripción tercera a favor de las hermanas Cuebas Mangual, nada nuevo aparece del registro hasta que por la inscripción décima se hizo constar que a Don Ramón Yrizarry Ursulich correspondía por herencia de su hijo Víctor Ramón Irizarry Cuebas, una participación indeterminada que éste tenía en el crédito hipotecario, por la suma de 2,600 pesos de la moneda circulante en la época de su constitución.

La inscripción undécima de fecha 3 de junio de 1910, se hizo con vista de la escritura de 4 de mayo del mismo año, de la que aparece que en el pleito seguido ante la corte municipal de Mayagüez por Don Rogelio Martínez Castro contra Don Ramón Irizarry y Doña María Antonia Cuebas de Irizarry, obtuvo el demandante sentencia contra los demanda-

dos por cierta cantidad de dinero y en cumplimiento de una orden para ejecución de la sentencia, el marshal de dicha corte, por designación del demandante, embargó todo el derecho, título e interés que los demandados pudieran tener en el crédito hipotecario por $2,600 constituído por Don Teodoro Forestier, de que hemos hecho mención y anunció su venta en subasta pública en la que fué único postor Don Rogelio Martínez a quien fué vendido por los quinientos dollars que ofreció y se le otorgó escritura por el marshal.

Cuatro meses después de esta inscripción a favor de Martínez, o sea en 18 de octubre de 1910, se presentó en el registro la escritura de 6 de abril de 1895, en la que, según la anotación letra B, Don Domingo Escott, en concepto de socio gestor de la mercantil J. D. Barbena y Ca., y además como apoderado de los esposos Don Ramón Yrizarry y Doña María Antonia Cuebas, manifiesta que de los plazos de la hipoteca constituída por Forestier a favor de las hermanas Cuebas Mangual, a que se contrae la inscripción tercera, fueron satisfechos por el deudor a sus acreedores en sus respectivos vencimientos los tres primeros: que otro plazo correspondiente al año 1892 fué cedido por Doña María Antonia Cuebas y Don Ramón Irizarry en concepto, este último, de heredero de su hijo Víctor Ramón, habido con Doña Isabel Cuebas, a la sociedad J. D. Barbena y Ca. según escritura pública; y que habiendo el Señor Forestier satisfecho el importe del pazo cedídoles, le otorgaron los Señores J. D. Barbena y Ca. escritura de cancelación con fecha 10 de mayo de 1893; que por otra escritura de 10 de mayo de 1892 los acreedores Señora Cuebas y Señor Irizarry, cedieron los dos plazos vencederos en 1893 y 1894 a Don Tomás Grau, quien a su vez en 26 de julio de 1894 los cedió a la expresada mercantil, por todo lo que el Señor Don Domingo Escott, en su carácter de apoderado de los esposos Irizarry Cuebas y como socio de J. D. Barbena y Ca. cancela totalmente la referida hipoteca.

La inscripción del preinserto documento fué negada en

16 de noviembre de 1910 por el registrador, por el defecto de que el crédito hipotecario que se cancela no se halla inscrito a nombre de los esposos Irizarry-Cuebas ni de la mercantil J. D. Barbena y Ca. y sí a favor de Don Rogelio Martínez y Castro; tomó anotación preventiva de cancelación por 120 días y consignó además el defecto subsanable de no acompañarse para su calificación los documentos justificativos de la personalidad que ostentaba Escott.

Todo lo hasta ahora consignado consta de una certificación librada por dicho registrador con referencia a sus libros.

Pasado algún tiempo más, fueron presentados al Registro los siguientes documentos notariales:

(*a*) Escritura de 8 de marzo de 1892 por la que Doña María Antonia Cuebas, soltera y Don Ramón Irizarry, viudo, la primera por su derecho y el segundo en concepto de heredero de su hijo Víctor Ramón habido con Doña Isabel Cuebas premuerta al hijo que la heredó, ceden y traspasan a la mercantil J. D. Barbena y Ca. un plazo por $500 vencedero en diciembre de ese año, de la deuda hipotecaria de Forestier.

La inscripción de este documento fué negada en 9 de febrero del año en curso y en su lugar se hizo la anotación letra C, por el defecto, de estar inscrita la totalidad del crédito a favor de Don Rogelio Martínez Castro, persona diferente de los cedentes y hallarse preventivamente cancelado el crédito, así como por el defecto subsanable de no determinarse las colindancias de la finca.

(*b*) Otra copia notarial de la escritura de 13 de abril de 1891, por la que la mercantil J. D. Barbena y Ca. prorroga su sociedad por tres años más. De este documento hizo el registrador referencia en la anotación letra C.

(*c*) Escritura de 10 de mayo de 1893 en la que la mercantil J. D. Barbena y Ca. por su gestor Don Domingo Escott manifiesta, que por escritura de 8 de mayo de 1892, que es el documento letra A, Doña María Antonia Cuebas y Don Ramón Irizarry, como heredero éste de su hijo, le cedieron

un plazo de $500 vencedero en diciembre de 1892 de su cré-
dito hipotecario contra Forestier, procedente de la venta a
plazos hecha en 1890; y por haberle satisfecho Forestier los
500 pesos del plazo cedido, le otorgan carta de pago y presta
su conformidad para la cancelación parcial de la hipoteca
por tal plazo.

La inscripción de este documento fué negada por el regis-
trador en 9 de febrero del corriente año y en su lugar tomó
anotación preventiva y para ello se fundó en las mismas ra-
zones que tuvo con el documento reseñado con la letra A.

En vista de la negativa del registrador consignada al
pie de esos tres documentos, Don Blas Ramírez en 17 de
febrero último, ha interpuesto contra ellas el presente recurso
gubernativo para que se dejen sin efecto y se ordene al regis-
trador que verifique la inscripción de la cesión y cancelación
del crédito hipotecario a que los mismos se refieren.

La cuestión que se plantea por el presente recurso es, si
el registrador debe inscribir a favor de J. D. Barbena y Cá.
la cesión que en 1892 le hicieron Doña María Antonia Cue-
bas y Don Ramón Irizarry de un plazo de su crédito hipote-
cario contra Forestier, y también la carta de pago y cancela-
ción parcial de hipoteca que por ese plazo otorgó la mer-
cantil cesionaria en 10 de mayo de 1893, a pesar de que cuando
esos documentos fueron presentados al registro, ya estaba
inscrita a favor de Don Rogelio Martínez la totalidad de tal
crédito hipotecario.

Como cuando se presentaron los tres documentos referi-
dos al registro resultaba de los libros de éste que el crédito
hipotecario no pertenecía ya a Doña María Antonia Cuebas
y a Don Ramón Irizarry sino en su totalidad a Don Rogelio
Martínez a cuyo favor estaba inscrito, y por consiguiente, era
el acreedor hipotecario, porque para la Ley Hipotecaria sólo
es dueño el que tenga inscrito su derecho, procedió acerta-
damente el registrador al denegar las inscripciones solicita-
das, toda vez que cualquier cesión o carta de pago que no
apareciera otorgada por la persona que, según sus libros del

registro, fuera dueña del crédito hipotecario, no puede ser inscrita, de conformidad con el artículo 17 de la Ley Hipotecaria y aunque tal trasmisión y cancelación sean de fecha anterior al documento inscrito en el registro.

El precepto legal citado es terminante respecto a este particular y se funda en el principio *"prior tempore, potior jure,"* e impedía la inscripción interesada por el recurrente, porque aún suponiendo que en la época del otorgamiento de tales documentos hubieran podido y debido inscribirse, el transferente, perdió, según el registro, sus facultades dominicales y no es posible inscribir en perjuicio del que se apresuró a asegurar su derecho.

Por tanto, mientras no se cancele la inscripción de Don Rogelio Martínez habrá un obstáculo legal para hacer las inscripciones que se interesan.

Por las razones expuestas, somos de opinión que la resolución del registrador denegando las inscripciones de las tres citadas escrituras debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.